UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN BREDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| STEWARD HEALTH CARE, LLC, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Steward Medical Group, Inc. ("SMG"), by its undersigned attorneys, files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, asserting original federal jurisdiction under 28 U.S.C. § 1331, to effect the removal of the above-captioned action, which was originally commenced in the District Court Department of the Trial Court of the Commonwealth of Massachusetts for Norfolk County. As grounds for the removal, SMG states as follows:

1.      Plaintiff John Breda initiated this action on July 15, 2015 by filing a Complaint against Defendants in the District Court Department of the Trial Court of the Commonwealth of Massachusetts for Norfolk County, Civil Action No. 1554-CV-0373 (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as Exhibit 1.

2.      SMG was the first defendant to be served with the Complaint. SMG was served with the Complaint on October 6, 2015. A true and correct copy of the Summons is attached hereto as Exhibit 2. Therefore, the filing of this Notice of Removal is timely because it is filed within thirty (30) days from the date SMG was served with the Complaint. 28 U.S.C. § 1446(b).

3.      On information and belief, no other named defendant has been served with a summons and complaint in this matter, and therefore no other defendants are required to consent

or join in this Notice of Removal.  28 U.S.C. § 1446(b)(2)(A) (only defendants who have been properly joined and served must join or consent to a Notice of Removal). However, on information and belief, the other named defendants would consent to removal of this action.

4.      Plaintiff alleges in his Complaint that SMG did not timely and properly pay his wages, including his accrued vacation time, in violation of the Massachusetts Wage Act, G.L. c. 149, § 148.  *See generally Exhibit 1*, Complaint, ¶¶ 6, 8, 10.

5.      Plaintiff also alleges that SMG altered his elected wage deferrals toward his "Deferred Compensation Plan" and accordingly failed to remit certain amounts to the Plan, which Plaintiff alleges runs afoul of ERISA.  *See Exhibit 1*, Complaint, ¶ 9.

6.      The Court has jurisdiction over Plaintiff's claim of alleged altering of his elected wage deferrals toward his Deferred Compensation Plan pursuant to 28 U.S.C. § 1331 because the Deferred Compensation Plan is covered under ERISA and ERISA pre-empts any state law claim that relates to an employee benefit plan and falls within the scope of ERISA's civil enforcement provision.  *See, e.g., Nahagian* v. *Leonard*, 233 F. Supp. 2d 151, 168 n. 6 (D. Mass. 2002). Thus, this claims are properly removed pursuant to 28 U.S.C. § 1441(a).  As the remaining Wage Act claim asserted under state law is part of the same case or controversy as the federal claim, the Court has supplemental jurisdiction over the Wage Act claim alleged pursuant to 28 U.S.C. § 1367(a).

7.      Timely notice of this Removal is being given to all adverse parties, and a copy of this Notice of Removal is being filed with the Clerk of the District Court of Norfolk County, Massachusetts as required by 28 U.S.C. § 1446(d).

WHEREFORE, SMG requests that the State Court Action proceed before this Court as an action properly removed.

STEWARD MEDICAL GROUP, INC.,
By its attorneys,


/s/ Robert G. Young
Timothy P. Van Dyck (BBO #548347)
Robert G. Young (BBO #650541)
BOWDITCH & DEWEY, LLP
175 Crossing Boulevard
Framingham, MA 01702
Phone: 617.757.6537
Fax: 508.929.3137
tvandyck@bowditch.com
ryoung@bowditch.com

October 26, 2015


CERTIFICATE OF SERVICE


I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to the following, via first-class, postage prepaid, mail on October 26, 2015.

John Breda
253 Greendale Avenue
Needham, MA 02494


/s/ Robert G. Young
Robert G. Young